United States District Court
Southern District of Texas
**ENTERED**
September 17, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WESLEY RYAN BOREN, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:20-CV-2568 |
| § | |
| JUSTIN L. BALDRIDGE § | |
| and § | |
| JAVIER ESQUIVEL JR. § | |
| and § | |
| JEFFREY A. SPRINGFIELD, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Wesley Ryan Boren is an inmate in the Texas Department of Criminal Justice. Boren filed suit under 42 U.S.C. § 1983 alleging that TDCJ employees Justin L. Baldridge, Javier Esquivel, Jr., and Jeffrey A. Springfield used excessive force against him. The Court previously dismissed Boren's claims against a TDCJ Warden and the former Director of the TDCJ's Correctional Institutions Division.

Baldridge, Esquivel, and Springfield moved for summary judgment, and Boren responded to the motion. Based on the pleadings, the motion, the record, and the applicable law, the defendants' motion is granted.

**I.    Standard of Review**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and therefore judgment is appropriate as

a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

> If the movant . . . meet[s] th[e] burden [of demonstrating the absence of a genuine issue of material fact], the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.
>
> This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by "unsubstantiated assertions, or by only a scintilla of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and internal quotation marks omitted).

## II. <u>Analysis</u>

Before bringing a federal lawsuit challenging prison conditions, a prisoner must first exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199 (2007).

> The Texas prison system has developed a two-step formal grievance process. The Step 1 grievance, which must be filed within fifteen days of the complained-of incident, is handled within the prisoner's facility. After an adverse decision at Step

> 1, the prisoner has ten days to file a Step 2 grievance, which is handled at the state level. This court has previously held that a prisoner must pursue a grievance through both steps for it to be considered exhausted.

*Johnson v. Johnson,* 385 F.3d 503, 515 (5th Cir., 2004) . *See also Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) ("pre-filing exhaustion of prison grievance processes is mandatory").

The defendants have attached Boren's grievance records as an exhibit to their motion for summary judgment. These records show that Boren filed a Step1, but not a Step 2, grievance concerning the alleged use of excessive force by the defendants. Boren therefore failed to exhaust his available administrative remedies, and he may not pursue these claims through a federal lawsuit.

### III. Conclusion

For the foregoing reasons, the defendants' motion for summary judgment (Doc. # 9) is GRANTED and this case is dismissed with prejudice.

It is so ORDERED.

SIGNED on this 16th day of September, 2021.

_____
Kenneth M. Hoyt
United States District Judge